<u>EXHIBIT A</u>

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br><br>**HARRIS PHARMACEUTICAL, INC.,**<br><br>     Debtor, | Case No. 2:20-bk-8071-FMD<br><br>Chapter 7 |
| **AMY D. MAYER,** as Subchapter V Trustee of the Estate of Harris Pharmaceutical, Inc.,<br><br>     Plaintiff<br><br>v.<br><br>**UNITED HEALTH GROUP,**<br><br>     Defendant | Adv. Pro. No. 2:23-ap-00009-FMD |

**DECLARATION OF PAUL J. CIRILLO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I, PAUL J. CIRILLO, declare as follows:

1.     I am over the age of eighteen (18) and believe in the obligations of an oath.

2.     I am employed by United HealthCare Services, Inc., an affiliate of UnitedHealth Group, Inc. ("United"), as Director of Credit and Delinquency Management.  UnitedHealth Group, Inc. is the ultimate parent company of UnitedHealthcare Insurance Company ("UHIC") and Neighborhood Health Partnership, Inc. ("NHPI").

3.     I make this declaration in support of United's Motion for Summary Judgment and Memorandum of Law in Support of Motion for Summary Judgment.

4.     In my capacity as Director of Credit and Delinquency Management, I am one of the custodians of the books, records and files of United that relate to, among other things, the

1

business relationship between UHIC and NHPI, on the one hand, and Harris Pharmaceutical, Inc. (the "Debtor"), on the other hand.  I have personally worked on those books, records and files, and as to the facts below, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of United, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of United's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of United's business by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  Such books and records include Exhibits 1 through 6[1] annexed hereto. I make this declaration based on my personal knowledge and based on the information contained in the foregoing books and records.

5.      UHIC and NHPI are providers of, among other things, group dental, medical and accidental death and dismemberment ("AD&D") coverage to their customers' eligible employees.

6.      NHPI and the Debtor were parties to a group medical service policy with group number 06Y8556 beginning in August 2018 (the "2018 Policy") whereby NHPI provided medical insurance benefits to the Debtor's employees and such employees' eligible dependents in exchange for monthly premium payments.  A true and accurate copy of the 2018 Policy is annexed hereto as **Exhibit 1**.

7.      UHIC and the Debtor were parties to a group dental policy and a group AD&D policy, both with group number 06Y8556 and effective date of July 1, 2019 whereby UHIC provided dental and AD&D benefits to the Debtor's employees and such employees' eligible

---

[1] Exhibit 6, the Payment History Chart (as defined below), was made in the ordinary course of United's business.  The lines titled "Pre-Preference Period" and "Preference Period" and the column titled "Days Paid" and the small chart at the bottom of the chart with the median, average, and range, for the pre-preference period and preference period and average invoice amount for the pre-preference period and preference period were created by counsel to United.  Based upon my review of these calculations, they are accurate.

dependents in exchange for monthly premium payments (the "2019 United Policies").  True and accurate copies of the 2019 United Policies are annexed hereto as **Exhibit 2**.

8.    NHPI and the Debtor were parties to a group medical policy with a group number 06Y8556 with an effective date of July 1, 2019 that provided medical insurance benefits to the Debtor's employees and their eligible dependents in exchange for monthly premium payments (the "2019 NHPI Policy").  A true and accurate copy of the 2019 NHPI Policy is annexed hereto as **Exhibit 3**.

9.    UHIC and the Debtor were parties to group policies with group numbers 06T8556 and 06L8672 with an effective date of July 1, 2020, where UHIC provided medical, dental, life, and AD&D insurance benefits to the Debtor's employees and their eligible dependents in exchange for monthly premium payments (the "2020 United Policies").  True and accurate copies of the 2020 United Policies are annexed hereto as **Exhibit 4**.

10.    NHPI and the Debtor were parties to a group medical policy with group number 06Y8556 with an effective date of July 1, 2020, where NHPI provided medical insurance benefits to the Debtor's employees and their eligible dependents in exchange for monthly premium payments (the "2020 NHPI Policy", collectively with the 2020 United Policies, the 2019 NHPI Policy, , the 2019 United Policies, and the 2018 Policy, the "Policies").  A true and accurate copy of the 2020 NHPI Policy is annexed hereto as **Exhibit 5**.

11.    Under the Policies, monthly premium was due on the first of each month for that month's insurance coverage, subject to a thirty-one (31) day grace period (the "Grace Period"). *See* Ex. 1, §§ 3.4 and 3.5; Ex. 2,  Art. 3; Ex. 3, §§ 3.4 and 3.5; Ex. 4, Art. 3 and §§ 3.4 and 3.5; Ex. 5, §§ 3.4 and 3.5.  Each of the Transfers were to pay premium under the 2020 United Policies and

the 2020 NHPI Policy for the months of August, September and October 2020. During the months of June through October 2020, the Policies covered at least five (5) employees.

12.     From the inception of the Policies on August 1, 2018, through July 28, 2020 (the "Pre-Preference Period"), the Debtor paid all monthly premium for the Policies between nine (9) and twelve (12) days from the due date, without exception, and all within the contractual Grace Period. On average during the Pre-Preference Period, the monthly premium invoices were paid in full on average 10.1 days past the due date. During the Pre-Preference Period, the monthly premium invoices were paid with a median of 10 days past the due date. In addition, all premium payments for the Policies were made in full to United via electronic funds transfer from the Debtor's account. A true and accurate copy of the Payment History Chart is annexed hereto as **Exhibit 6.**

13.     From July 28, 2020 through October 28, 2020 (the "Preference Period"), the Debtor paid all monthly premium invoices for the Policies between nine (9) and twelve (12)  days from the due date, without exception, and all within the contractual Grace Period. On average during the Preference Period, the monthly premium invoices were paid in full on average 10.7 days past the due date. Also, during the Preference Period, the monthly premium invoices were paid with a median of 11 days past the due date. In addition, all premium for the Policies was paid in full to United via electronic funds transfer from the Debtor's account.

14.     Throughout the Preference Period, UHIC and NHPI did not send any demand letters, dunning letters, or similar correspondence; indeed, there was no need to as all invoices were paid timely.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of July, 2023.

Paul J. Cirillo
Director of Credit and Delinquency Management
United HealthCare Services, Inc.

5

20309148